NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**E2INTERACTIVE, INC., AND INTERACTIVE
COMMUNICATIONS INTERNATIONAL, INC.,**
*Plaintiffs-Appellees,*

**v.**

**BLACKHAWK NETWORK, INC.,**
*Defendant-Appellant.*

---

2013-1151

---

Appeal from the United States District Court for the
Western District of Wisconsin in No. 09-CV-0629, Magistrate Judge Stephen L. Crocker.

---

Decided: March 12, 2014

---

ROBIN L. MCGRATH, Paul Hastings LLP, of Atlanta,
Georgia, argued for plaintiffs-appellees. With her on the
brief was FRANK G. SMITH, III, Alston & Bird LLP, of
Atlanta, Georgia.

ALAN M. FISCH, Fisch Hoffman Sigler LLP, of Washington, DC, argued for defendant-appellant. With him on
the brief were JASON F. HOFFMAN, R. WILLIAM SIGLER, and
THOMAS C. CHEN.

---

Before DYK, MOORE, and WALLACH, *Circuit Judges*.

MOORE, *Circuit Judge*.

Blackhawk Network, Inc. (Blackhawk) appeals from the district court's entry of a final judgment of infringement of U.S. Patent No. 7,578,439 based on the court's construction of certain claim terms. Because the court erroneously construed one of the disputed claim terms, we *reverse* the judgment of infringement.

## BACKGROUND

The '439 patent relates to prepaid stored-value cards (*e.g.*, gift cards). Such cards may be purchased and used by consumers at point-of-sale terminals operated by third party retailers. The retailers transmit various possible transaction requests (*e.g.*, card activation or purchasing goods) from the terminals to entities that process the requests. The '439 patent discloses selective processing of these transactions by determining whether the requesting terminal is authorized to make the particular transaction being requested. *See* '439 patent, col. 4 ll. 14–13, col. 5 ll. 48–60.

Claim 1 is representative of the asserted claims (emphases added):

A computer-implemented method for processing a stored-value card transaction request in a card data management system having a central processor in communication with . . . point-of-sale terminals . . . , each of the one or more terminals having a unique *terminal identifier* . . . , the method comprising:

receiving the stored-value card transaction request from a requesting terminal, . . . the transaction request comprising

>    a requesting *terminal identifier*, . . . ;
>
>    *determining if the requesting terminal is author-*
>    *ized to request the requested transaction type for*
>    *the stored value card*; . . . .

Asserted claim 19 recites a computer program for performing the steps of claim 1.

e2Interactive, Inc. and Interactive Communications International, Inc. (collectively, InComm) sued Blackhawk, alleging that Blackhawk's transaction processing platform infringes the asserted claims. A jury returned a verdict of infringement and awarded InComm nearly $3.5 million as a reasonable royalty. After the district court entered a final judgment of infringement in favor of InComm, Blackhawk filed a motion for relief from the judgment, arguing that the court's construction of various claim terms, including the "determining" step, was erroneous. The court denied the motion. *E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-cv-629-slc (W.D. Wisc. Oct. 22, 2012), ECF No. 517. Blackhawk appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

### DISCUSSION

Claim construction is an issue of law that we review *de novo. Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, No. 2012-1014, 2014 WL 667499, at \*1, \*16 (Fed. Cir. Feb. 21, 2014) (en banc). The central issue in this appeal is whether the asserted claims require using the recited "terminal identifier" for determining if the terminal is authorized to make the requested transaction. The district court concluded that the asserted claims lack such a requirement. Final Pretrial Conference Order at 3, *E2Interactive*, No. 09-cv-629-slc (W.D. Wisc. Feb. 17, 2012), ECF No. 414; Summary Judgment Order at 30, *E2Interactive*, No. 09-cv-629-slc (W.D. Wisc. Dec. 13, 2011), ECF No. 258. It considered InComm's statements made during reexamination of the '439 patent (Control

No. 90/011,070) to overcome the examiner's determination that the asserted claims would have been obvious based in part on U.S. Patent No. 5,812,668 (Weber). Summary Judgment Order at 26–28. The court concluded, however, that InComm's statements did not amount to a clear and unmistakable disclaimer. *Id.* at 28.

Blackhawk argues that the claims require using the terminal identifier to determine whether a terminal is authorized to request a particular transaction.[1] It argues that during reexamination, InComm acknowledged that Weber discloses a transaction request that includes a terminal identifier, but overcame the examiner's rejection by arguing that Weber fails to disclose using the terminal identifier as a basis for determining if a terminal is authorized to perform the requested transaction. Blackhawk argues that InComm's statements clearly and unmistakably require using the terminal identifier to determine terminal authorization.

InComm responds that the court's construction is correct. It argues that the plain language of the asserted claims simply requires determining terminal authorization, without requiring the use of any particular type of information. InComm argues that Blackhawk's proposed construction would exclude disclosed embodiments in which the determining step does not require using the terminal identifier. *See* '439 patent, col. 4 ll. 13–31, col. 5 ll. 48–60. It argues that the statements it made during reexamination to distinguish Weber do not amount to a clear and unmistakable disclaimer because it did not

---

[1]    Blackhawk also challenges the court's construction of the "initiating" step and an evidentiary ruling. Because our holding that the determining step requires using the terminal identifier is sufficient to reverse the judgment of infringement, we need not address these other issues.

make an affirmative statement about the scope of the asserted claims. InComm argues that "[r]ather than constituting commentary on what is required or excluded by the independent claims, the statements [about Weber] merely respond to findings by the Examiner that certain attributes were disclosed in the prior art, by explaining that such attributes were in fact not disclosed." Appellees' Br. at 45.

We agree with Blackhawk that InComm's statements to distinguish Weber clearly and unmistakably require using the terminal identifier to determine if a terminal is authorized to make the requested transaction.[2] The doctrine of prosecution disclaimer "preclud[es] patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003) (internal citation omitted). For prosecution disclaimer to apply, "our precedent requires that the alleged disavowing actions or statements made during prosecution be both clear and unmistakable." *Id.* at 1325–26. "[W]here the patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer . . . narrows the ordinary meaning of the claim congruent with the scope of the surrender." *Id.* at 1324.

During reexamination of the '439 patent, InComm sought to overcome the examiner's rejection based on Weber with an expert declaration. InComm's expert expressly distinguished the claimed determining step by arguing that Weber failed to disclose using the terminal identifier to determine if a terminal was authorized to make a requested transaction. He stated that "Weber

---

[2]    We base our holding only on the portions of the reexamination cited in this opinion. We need not decide whether the other aspects of the prosecution history on which Blackhawk relies establish a disclaimer.

discloses a protocol for request messages that includes terminal ID ('TID') . . . . *Yet Weber fails to disclose using the TID, or any terminal identifier, as a basis for authorizing a terminal to perform a requested transaction type* . . . . Thus, Weber fails to disclose a determination that a requesting terminal is authorized to request the requested transaction type." J.A. 1198 (emphasis added); *see also* J.A. 1199–1200 ("Weber . . . fails to disclose the use of the TID as a basis for authorizing a terminal to perform a transaction type indicated in the request . . . ."). The expert further clarified that the asserted claims require using the terminal identifier to determine terminal authorization by arguing that "the identity of the particular terminal transmitting a transaction requested is not considered relevant by Weber to the ultimate determination as to whether a particular transaction is authorized." J.A. 1199.

In its response to the examiner's rejection, InComm cited its expert's declaration and repeated his statements to argue that, unlike Weber, the asserted claims require using the terminal identifier for determining if a terminal is authorized to request a transaction. Using language identical to the expert's, InComm told the examiner that in Weber "the identity of the particular terminal transmitting a transaction request *is not relevant to the ultimate determination as to whether a particular transaction is authorized*, both because Weber only uses terminal identity for purposes of post-transaction reconciliation, and because Weber instead describes transaction authorization determinations made on the customer-account level." J.A. 1245 (citing J.A. 1199) (emphasis added). Again repeating its expert's statement, InComm also told the examiner that Weber's determination "has nothing to do with determining whether a requesting terminal identifier is authorized to request the requested transaction type . . . ." *Id.* InComm's argument that Weber did not render the claims obvious because it does not disclose

use of the terminal identifier in the determination of terminal authorization was a disclaimer of claim scope. The examiner relied on InComm's arguments to confirm the patentability of the asserted claims: "the terminal ID in Weber is not used for transaction authorization and therefore does not teach making a determination of whether a uniquely identified terminal is authorized for the particular transaction type indicated within the request." J.A. 1376.

InComm's statements clearly and unmistakably indicate that the asserted claims require using the terminal identifier to determine if a terminal is authorized to make the requested transaction. InComm repeatedly distinguished Weber on this basis. InComm's characterization of its statements as mere explanations of Weber's disclosure that did not address the scope of the asserted claims is without merit. InComm unambiguously argued that Weber fails to disclose *the recited determining step*, and the examiner expressly relied on those arguments to confirm the patentability of the asserted claims over Weber. J.A. 1245, 1376.

We hold that through clear and unmistakable disclaimer, InComm limited the scope of the asserted claims to require use of the terminal identifier for determining if a terminal is authorized to make the requested transaction. There is no dispute that Blackhawk's accused product fails to use the terminal identifier when making such a determination. Therefore, we reverse the judgment of infringement.

**REVERSED**